SUMMARY ORDER

Benny Ramirez appeals from a judgment of conviction entered by the District Court of Connecticut on June 26, 2007. Ramirez pleaded guilty on April 27, 2006 to one count of conspiring to possess with intent to distribute and to distribute five kilograms or more of cocaine and 50 grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1), and 846. Although the Guidelines advised a 70 to 87 month sentence, Ramirez was sentenced to 48 months. We assume the parties’ familiarity with the underlying facts, the procedural history, and the issues on appeal.
“Reasonableness review does not entail the substitution of our judgment for that of the sentencing judge.” United States v. Fernandez, 443 F.3d 19, 27 (2d Cir.2006). Rather, “the familiar abuse-of-discretion standard of review now applies to appellate review of sentencing decisions.” Gall v. United States, 552 U.S. 38, 128 S.Ct. 586, 594, 169 L.Ed.2d 445 (2007); see also Rita v. United States, 551 U.S. 338, 127 *50 S.Ct. 2456, 2459, 168 L.Ed.2d 203 (2007) (“appellate ‘reasonableness’ review merely asks whether the trial court abused its discretion”). This abuse-of-discretion standard applies whether the sentence imposed falls “inside or outside the Guidelines range.” Gall, 128 S.Ct. at 596. The Guidelines provide “the starting point and the initial benchmark” for the district court, but they do not usurp the district court judge’s “superior position to find facts and judge their import under § 3553(a)”. Id. Under § 3553(a), “[t]he court shall impose a sentence sufficient, but not greater than necessary” to fulfill the purposes of sentencing. 18 U.S.C. § 3553(a).
Ramirez contends that his 48-month sentence is substantively unreasonable in light of (i) his limited role in the conspiracy, (ii) his extraordinary rehabilitation efforts, and (iii) his prior addiction to marijuana and cocaine. We review Ramirez’s sentence for reasonableness and affirm.
We cannot conclude that the sentence imposed by the district court was unreasonable. The Guidelines range was 70 to 87 months, which the district judge considered “reasonable” given the seriousness of the offense, the “very large quantity of cocaine” involved, and Ramirez’s participation “for a significant period of time.” The district judge nevertheless concluded that it represented too harsh a sentence once Ramirez’s “individual characteristics” were taken into account: Ramirez’s involvement was not as extensive as that of other defendants; he was motivated by “a drug habit rather than greed;” and he “made significant progress” post-arrest, including extensive rehabilitation efforts, an impressive work record, and the receipt of a high school degree.
After this thorough review of Ramirez’ history and characteristics, the court imposed a sentence of 48 months (22 months below the guidelines range). This sentence reflected the totality of the circumstances and was sufficient but not greater than necessary to serve the objectives of sentencing. The sentence was reasonable and there was no abuse of discretion. We hereby AFFIRM the judgment of the district court.